# UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF VIRGINIA
### NORFOLK DIVISION

| | |
|---|---|
| *In re*: | Case No. 10-75024-FJS |
| Selena Ann Williams-Nobles, | |
| *Debtor*. | Chapter 7 |

## MEMORANDUM OPINION

This matter comes before the Court upon Debtor's Motion to Hold Defendant in Contempt of Court for Violation of the Automatic Stay. The Court has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1334(b) and 157(a) and the general order of reference from the United States District Court for the Eastern District of Virginia dated August 15, 1984. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

The issue presented is whether there exists a *per se* requirement that counsel for a judgment creditor prepare an order dismissing a prepetition garnishment after being notified that the debtor filed bankruptcy. The Court finds that counsel's delay in filing the dismissal order was not a willful violation of the automatic stay subject to damages under 11 U.S.C. § 362(k)(1). For the following reasons, the Motion to Hold Defendant in Contempt of Court for Violation of the Automatic Stay is DENIED.

### I. FINDINGS OF FACT

The facts of this case are not in dispute. On October 21, 2010, Selena Ann Williams-Nobles (the "Debtor") filed a voluntary petition seeking relief pursuant to Chapter 7 of Title 11

1

of the United States Code. (Doc. No. 1.) Prior to the bankruptcy filing, on June 6, 1997, United Services Automobile Association ("USAA"), represented by Benjamin P. Lynch, Jr. ("Lynch"), obtained a judgment from the Norfolk Circuit Court, Norfolk, Virginia. (Def.'s Br. 1, Feb. 15, 2011, Doc. No. 24.) Subsequently, on July 6, 2010, Lynch filed a Garnishment Summons with the Norfolk Circuit Court (the "Garnishment"). (Pl.'s Br. 1, Feb. 2, 2011, Doc. No. 21.) The Garnishment named Debtor's employer, Hampton University, as garnishee, and set a return date of December 17, 2010. (Pl.'s Br. 1.)

On October 21, 2010, Debtor's counsel transmitted via facsimile a letter to Lynch providing notice of the instant bankruptcy case. (Pl.'s Br. 1.) Nothing further was done by either Lynch or counsel for the Debtor until November 30, 2010, when Debtor's counsel called Lynch and left a voicemail message advising him to dismiss the Garnishment. (Hr'g Tr. 37:20-24, Jan. 25, 2011.) The voicemail message further advised Lynch that it was his responsibility, as counsel for the judgment creditor, to prepare and submit a dismissal order to the Norfolk Circuit Court. (Def.'s Br. 2.) On December 1, 2010, Lynch telephoned Debtor's counsel and left a voicemail message indicating that he understood the automatic stay was in effect, and that he would take no action against the debtor. (Hr'g Tr. 31:5-9.) Debtor's counsel did not return Lynch's telephone call. (Hr'g Tr. 31:12-13.)

Two weeks later, on December 14, 2010, counsel for the Debtor filed the instant Motion to Hold Defendant in Contempt of Court for Violation of the Automatic Stay pursuant to 11 U.S.C. §§ 362 and 543, and Federal Rule of Bankruptcy Procedure 7001 (the "Motion"). (Doc. No. 12.) The Motion names USAA and Lynch as defendants, and seeks an award of legal fees, costs, and damages. (Doc. No. 12, at 5.) Lynch and USAA subsequently filed a Motion to Dismiss on December 23, 2010. (Doc. No. 15.) Thereafter, on January 25, 2011, the Court

convened a hearing on the Motion (the "Hearing").[1] (Doc. No. 18.)

At the Hearing, Lynch testified that with respect to the automatic stay, "it had been [his] practice for years to do nothing once [he] had received a [n]otice of [b]ankruptcy, not to make any overt action, [and] not to go forth and do anything." (Hr'g Tr. 31:5-9.) Lynch testified that this practice was based on his understanding of an earlier ruling by Judge J. Calvitt Clarke, Jr., of the United States District Court for the Eastern District of Virginia. (Hr'g Tr. 29:21-30:5.) Lynch further testified it was his recollection that Judge Clarke's ruling overturned an award of sanctions against a former law partner who did not prepare an order dismissing a prepetition garnishment. (Hr'g Tr. 29:21-30:5.) According to Lynch's recollection, it was Judge Clarke's rationale that requiring the judgment creditor's attorney to prepare the order "was involuntary servitude." (Hr'g Tr. 29:21-30:5.)

Nevertheless, Lynch also testified that upon receipt of the Motion, on December 20, 2010, he immediately went to the Norfolk Circuit Court to review that Court's files related to the Garnishment. (Hr'g Tr. 31:22-25.) The Circuit Court files contained two checks from Hampton University dated October 7, 2010 and November 2, 2010. (Def.'s Br. 2.) In addition, the Circuit Court files included a letter from Debtor's counsel dated December 8, 2010 (the "Letter"), advising the Clerk of the Circuit Court that "'[j]udgment creditor, state court and garnishee are all responsible for taking prompt, affirmative action to stop enforcement of a garnishment.' In re Lebrun, Case No: 95-10124 US Bankruptcy Court, EDVA. 1995." (Hr'g Tr. 32:1-6; Doc. No. 18, Ex. 1.) Lynch's testimony—and the absence of a carbon copy notation on the Letter itself—

---

[1] At the Hearing, the Debtor did not oppose the Motion to Dismiss as to USAA. Therefore, as to all claims asserted against USAA, the Court granted the Motion to Dismiss without objection. Additionally, upon review of the undisputed facts, the Court found that Lynch never served as a custodian pursuant to 11 U.S.C. §§ 101(11) and 543. Accordingly, as to all parties, the Court granted the Motion to Dismiss as to the claims asserted under 11 U.S.C. §

3

indicates that Debtor's counsel did not send a copy of the Letter to Lynch. (Hr'g Tr. 32:3-6; Doc. No. 18, Ex. 1.)

Later that day, Lynch located and reviewed the unpublished memorandum opinion referenced in the Letter. (Hr'g Tr. 32:7-12.) The unpublished memorandum opinion states that "immediately upon learning of the bankruptcy filing, [a creditor] must take all reasonable steps to dismiss the garnishment." *In re Lebrun*, No. 95-10124-AM, at 13 (Bankr. E.D. Va. 1995). Subsequently, on December 23, 2010, Lynch prepared an order dismissing the Garnishment (the "Dismissal Order"). (Hr'g Tr. 33:2-6.) On December 23, 2010, Lynch sent the Dismissal Order to Debtor's counsel with instructions that she endorse and forward the same to the Norfolk Circuit Court for entry. (Hr'g Tr. 32:11-12.) Despite these instructions, however, Debtor's counsel endorsed and returned the Dismissal Order to Lynch, rather than the Norfolk Circuit Court. (Hr'g Tr. 32:13-20.) Lynch received the Dismissal Order on January 4, 2011. (Hr'g Tr. 33:2-6.) He promptly forwarded that order to the Norfolk Circuit Court. Ultimately, the Norfolk Circuit Court entered the Dismissal Order on January 6, 2011. (Hr'g Tr. 12:4-5.)

## II. CONCLUSIONS OF LAW

The automatic stay is one of the fundamental protections provided by the Bankruptcy Code. *In re Terry*, 7 B.R. 880, 882 (Bankr. E.D. Va. 1980). Under Section 362(a) of Title 11, the filing of a bankruptcy petition

> operates as a stay, applicable to all entities of—
>
> (1) the commencement or continuation, including the issuance of employment of process, of a judicial . . . proceeding against the debtor that was . . . commenced before the commencement of a case under this title, or to recover a claim against the debtor that arose before the commencement of a case under this title;

---

543 and Federal Rule of Bankruptcy Procedure 7001.

> (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;

11 U.S.C. § 362(a)(1)-(2). As the Fourth Circuit has explained, "[t]he purpose of the automatic stay, in addition to protecting the relative position of creditors, is to shield the debtor from financial pressure during the pendency of the bankruptcy proceeding." *Winters v. George Mason Bank*, 94 F.3d 130, 133 (4th Cir. 1996) (citations omitted). So important is Section 362 to an orderly disposition of the bankruptcy estate that Congress enacted a code section that mandates sanctions for automatic stay violations. Section 362(k) provides:

> (1) Except as provided in paragraph (2), an individual injured by any willful violation of a stay provided in this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.
>
> (2) If such violation is based on an action taken by an entity in the good faith belief that subsection (h) applies to the debtor, the recovery under paragraph (1) of this subsection against such entity shall be limited to actual damages.

11 U.S.C. § 362(k)(1)-(2).

To recover damages under Section 362(k), a debtor must prove five elements: "(1) that a bankruptcy petition was filed, (2) that the debtors are 'individuals' under the automatic stay provisions, (3) that [the] creditor[] received notice of the petition, (4) that the creditor['s] actions were in willful violation of the stay, and (5) that the debtor suffered damages." *Lomax v. Bank of Am., N.A.*, 435 B.R. 362, 376 (N.D. W. Va. 2010) (quoting *Grisard-Van Roey v. Auto Credit Ctr., Inc. (In re Grisard-Van Roey)*, 373 B.R. 441, 444 (Bankr. D. S.C. 2007)) (internal quotation marks omitted). The first three elements of recovery under Section 362(k) are unquestionably satisfied in the instant case. On October 21, 2010, Lynch received notice via facsimile that the

Debtor filed a Chapter 7 bankruptcy petition. Therefore, the Court must determine if Lynch's actions—or more properly, his inaction—constitutes a willful violation of the automatic stay.

This Court first considered whether failure to dismiss a prepetition garnishment constitutes a violation of the automatic stay in *In re Baum*, 15 B.R. 538, 541 (Bankr. E.D. Va. 1981). Judge Hal J. Bonney, Jr. issued a straightforward guide for judgment creditors:

> (1) The automatic stay of Section 362 prevents the commencement or continuation of any collection efforts from the time of filing. Garnishment proceedings commenced prior to filing must be dismissed. *It is the creditor's responsibility to stop the downhill snowballing of a continuing garnishment.*
>
> (2) Wages that have been withheld by the garnishee and retained by the garnishor within ninety (90) days of the petition are preferential payments and must be turned over to the debtor or the trustee as each's interests may appear.
>
> (3) Failure to take these actions by a garnishing creditor is a violation of the automatic stay provision of Section 362, and may be punishable by contempt.

*Id.* at 541 (emphasis added). The law on this point has remained unchanged since the Court issued its three-part directive thirty years ago. The general rule is that a judgment creditor should dismiss a garnishment upon the filing of a bankruptcy. As stated more recently, "[t]here can be little question that the continuation postpetition of a garnishment proceeding against a debtor is a violation of the automatic stay." *In re Manuel*, 212 B.R. 517, 518 (Bankr. E.D. Va. 1997) (citations omitted). When notified of a pending bankruptcy petition, a judgment creditor may not elect to take no action or refuse to cooperate. "[A] garnishing creditor 'cannot choose to do nothing and pass the buck to the garnishee or the court in which the garnishment is filed to effectuate the stay.'" *In re Bailey*, 428 B.R. 694, 699 (Bankr. N.D. W. Va. 2010) (quoting *In re Elder*, 12 B.R. 491, 494 (Bankr. M.D. Ga. 1981)). "A creditor must affirmatively act to prevent

further garnishment." *Id.* (citations omitted). "Garnishment proceedings commenced prior to filing must be dismissed." *In re Baum*, 15 B.R. at 541.

Nevertheless, no court within the Fourth Circuit has held that counsel for a judgment creditor bears the responsibility of preparing the dismissal order. Of course, "[w]hen a creditor's attorney is notified of the institution of a bankruptcy proceeding, he has an affirmative duty to dismiss the garnishment." *In re Timbs*, 178 B.R. 989, 996 (Bankr. E.D. Tenn. 1994). Counsel for a judgment creditor "is in the driver's seat and very much controls what is done thereafter if it chooses." *In re Bailey*, 428 B.R. at 699 (citations omitted) (internal quotation marks omitted). However, this simply means that refusing to dismiss the garnishment is not an option. Counsel for a judgment creditor must agree to endorse the dismissal order, which debtor's counsel has prepared. As a legal principle, however, compliance with the automatic stay does not mandate that counsel for the judgment creditor undertake the legal work necessary to prepare the dismissal order in every instance. Common sense and the obligation that Debtor's counsel owes to the client must come into play somewhere.

The Court can identify no instances where counsel for a judgment creditor was held to violate the automatic stay for failing to prepare the dismissal order. In contrast, in those cases where sanctions were awarded pursuant to Section 362(k), the violative conduct was adamant refusal to dismiss the garnishment. *See, e.g., In re Pulliam*, 262 B.R. 539, 543 (Bankr. D. Kan. 2001); *In re Johnson*, 253 B.R. 857, 861 (Bankr. S.D. Ohio 2000); *In re Mims*, 209 B.R. 746, 748 (Bankr. M.D. Fla. 1997); *In re Manuel*, 212 B.R. at 519; *In re Timbs*, 178 B.R. at 991; *In re Dungey*, 99 B.R. 814, 818 (Bankr. S.D. Ohio 1989). That factual context is absent from the case at bar.

In the instant case, the Court finds as a finding of fact that Lynch satisfied his affirmative

duty to stop the Garnishment. Lynch's December 1, 2010 voicemail message represented a good faith effort to cooperate with Debtor's counsel, who did little to assist her client for more than six (6) weeks after the bankruptcy filing. In contrast to those cases where courts have found a sanctionable violation of the automatic stay, Lynch did not refuse to dismiss the Garnishment. On the contrary, Lynch ultimately bore the responsibility of preparing the Dismissal Order. In addition, it is significant, in the Court's view, that Lynch prepared the Dismissal Order despite his good faith belief that he was not required to do so because of a previous ruling of the United States District Court for the Eastern District of Virginia. While he cannot provide a citation or copy of the order, the Court is satisfied with Lynch's testimony regarding his understanding of Judge Clarke's ruling. Because of this, the Court is not prepared, in this instance, to find a willful stay violation on the basis of a good faith—albeit apparently erroneous—belief that one is complying with an order of the United States District Court for the Eastern District of Virginia.

To the extent that there was any delay between notification of the bankruptcy petition and preparation of the Dismissal Order, it was due to a misunderstanding of the requirements imposed by the automatic stay and miscommunication between the parties (or, more accurately, a nearly complete lack of professional communication). Any subsequent delay in entry of the Dismissal Order was caused by failure on the part of the Debtor's counsel properly to tender the endorsed Dismissal Order to the Norfolk Circuit Court for entry.

There is no reason for a debtor to be caught in this middle of this kind of situation. An order dismissing a garnishment is a simple form that can be created as a word processed document, and filled in by support staff in debtor's counsel's office with a minimum of effort. Preparing this order by counsel for the debtor is logical and efficient. It imposes the burden of preparation on the representative of the party seeking relief, and does not require additional work

by the party who would logically oppose the relief. This is consistent with an analogy where the providing party or the party requesting relief—the Debtor in this case—presents an order effectuating its position.

What amounts to a glorified process of passing the buck should never adversely affect any debtor's fresh start. Stated differently, it would have been more efficient and more logical for Debtor's counsel to have prepared the order in question for the benefit of her client. Instead, there followed an extended—and meaningless—exchange to the frustration of all. A little common sense and professional courtesy would have gone a long way in this instance. What should have been a fifteen minute process to resolve—*i.e.*, preparation of a form order and a letter with instructions to opposing counsel—ended up taking almost three months. The caliber of representation afforded all the way around in this matter, at a minimum, is disappointing.

### III. CONCLUSION

The Debtor failed to establish that Lynch's actions were in willful violation of the automatic stay. *See Lomax*, 435 B.R. at 376. Accordingly, the Court finds that the Motion to Hold Defendant in Contempt of Court for Violation of the Automatic Stay should be denied.

A separate Order will issue.

DATED:

10-13-2011

FRANK J. SANTORO
United States Bankruptcy Judge

NOTICE OF JUDGMENT OR ORDER
Entered on docket OCT 13 2011

9

**CERTIFICATE OF MAILING**

The undersigned deputy clerk of the United States Bankruptcy Court for the Eastern District of Virginia hereby certifies that a copy of the order on which its stamp appears was mailed this date to the parties as set forth in the order.
DATED: OCT 13 2011
Deputy Clerk

Upon entry of this Memorandum Opinion, the Clerk of Court is directed to serve via United States Mail, first class, postage prepaid, a copy of this Memorandum Opinion to: Selena Ann Williams-Nobles, 3616 Essex Pond Quay, Virginia Beach, Virginia, 23462; Edrie A. Pfeiffer, Esq., Hampton Roads Legal Services, 2624 Southern Boulevard, Suite 101, Virginia Beach, Virginia, 23452; Benjamin P. Lynch, Jr., Esq., 3105 American Legion Road, Suite D, Chesapeake, Virginia, 23321; Jerrold G. Weinberg, Esq., Weinberg & Stein, 999 Waterside Drive, Suite 1313, Norfolk, Virginia, 23510; and Carolyn L. Camardo, Esq., Chapter 7 Trustee, 258 North Witchduck Road, Suite C, Virginia Beach, Virginia, 23462.